**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA MILKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-1789 |
| ) | |
| EXCALIBUR MEDIATION GROUP ) | |
| and DOE 1-5, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Patricia Milko ("Milko") commenced this lawsuit on November 17, 2020, by filing a Complaint alleging violations of the Fair Debt Collection Practices Act against Excalibur Mediation Group ("Excalibur") and Doe 1-5 (collectively "Defendants"). (ECF No. 1.) Milko seeks to expedite discovery for the purpose of identifying the true legal name of Defendant Excalibur. (ECF No. 8.)

In her motion, Milko outlines the efforts she has undertaken to ascertain Excalibur's true legal name and an address for which to serve the summons and the Complaint. She does not indicate whether any of those efforts occurred before she commenced her action. She represents that Excalibur is an entity or fictitious business name of unknown origin and physical address, but maintains a website and uses a United States Postal Service ("USPS") post office box in Atlanta, Georgia as its address. (*Id.* ¶ 2.) Milko also states that she verified that Excalibur is not registered as an entity with the Georgia Secretary of State. (*Id.* ¶ 3.) She does not identify when she made this inquiry or when Defendants refused to provide their physical address or answer other questions regarding their identity. (*Id.*) Further, she directed a letter to Excalibur in January 2020 but did not receive a response. (*Id.*)

Milko seeks to engage in discovery at this juncture so that she can subpoena the domain registrar for Excalibur's website. (*Id.* ¶ 4.) She contends that information obtained by serving a subpoena may reveal Excalibur's "true legal name," the names of its owners/operators, and possibly a physical address for which to serve Defendants. (*Id.*) Milko also intends to subpoena the United States Postal Service ("USPS") to identify Defendants and obtain an address to effectuate service. (*Id.*)

Under the Federal Rules of Civil Procedure "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Fed. R. Civ. P. 26(d). The rules allow for discovery prior to a Rule 26(f) conference, inter alia, "when authorized by . . . court order." *Id.* District Courts in this circuit have typically required that the party seeking such expedited discovery must demonstrate "good cause for its motion, such that the request is reasonable in light of the circumstances." *Samuel, Son & Co. v. Beach*, No. CIV. A. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013) (quotations marks and citation omitted).

Milko has failed to show that good cause exists for the expedited discovery she seeks. As it pertains to the "true legal name" of Excalibur, Milko appears to be seeking discovery to obtain information that should have been sought *before* filing this lawsuit. She does not allege that she undertook any of these efforts prior to commencing her lawsuit. While she has made some inquiry, she has not demonstrated that she exhausted all publicly available or other investigative means to obtain the information she requires. Moreover, as it relates to Excalibur's physical address, the USPS maintains a form entitled "Change of Address or Boxholder Information Needed for Service of Legal Process" that can be submitted in order to obtain such information. Therefore, Milko does not need to subpoena the USPS to attempt to obtain an address for Excalibur.

Because Milko has not demonstrated that she has exhausted all available efforts with respect to ascertaining the identity and address of Excalibur, her request for expedited discovery is premature and will be denied.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Milko was required to serve the summons and the Complaint by February 17, 2021, that is, ninety (90) days from the filing of this lawsuit. Fed. R. Civ. P. 4(m). The Court will extend that deadline by another thirty (30) days from the date of this Order. If Milko is unable to effectuate service by the extended deadline, she may seek relief as appropriate.

Accordingly, it is **ORDERED** that Plaintiff's motion (ECF No. 8) for expedited discovery is **DENIED** without prejudice. The deadline to effectuate service is extended to March 24, 2021.

**SO ORDERED** this 22nd day of February 2021

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge