IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MILKO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-1789 |
| LAMAR SNOW and TONISA HODGE, | ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court after Defendants Lamar Snow and Tonisa Hodge and Plaintiff Patricia Milko all declined to file objections to the Report and Recommendation ("R&R") (Docket No. 39) entered by Magistrate Judge Patricia L. Dodge on October 17, 2023. The R&R recommends that Plaintiff's Motion for Default Judgment and Attorney's Fees (Docket No. 36) be granted in part and denied in part. (Docket No. 39 at 1, 10). Specifically, the R&R recommends that Plaintiff's request for Default Judgment be granted, and that Plaintiff's request for damages be granted in part and denied in part. (*Id.*). Service of the R&R was made on Plaintiff via CM/ECF and on Defendants by U.S. Mail, and the R&R informed the parties that objections to same were due by October 31, 2023. (Docket No. 39 at 11). Thereafter, no party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because the parties did not file any objections to the R&R – which explicitly stated that failure to file timely objections

1

"will waive the right of appeal" – we review the magistrate judge's decision for plain error. (Docket No. 39 at 11). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Dodge's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will grant Plaintiff's Motion to the extent she seeks Default Judgment. Additionally, the Court will grant in part and deny in part Plaintiff's Motion to the extent she requests damages, in that the Court will grant Plaintiff's requested award of statutory damages and costs, but will award Plaintiff a reduced amount of attorney fees, for the reasons set forth in detail in the R&R. In so ruling, the Court agrees with Judge Dodge that Plaintiff's unrefuted and well-pled facts are sufficient to establish the liability of Defendants Snow and Hodge for the alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Docket No. 39 at 4-7). The Court also agrees with Judge Dodge that, upon review of the factors that must be examined in determining whether a default judgment should be entered, consideration of such factors supports the entry of a default judgment in favor of Plaintiff here. (*Id.* at 7). Additionally, the Court agrees with Judge Dodge's calculation of an appropriate award of damages. The Court agrees that an award of $1,000.00 in statutory damages and the cost of service of this lawsuit, which totals $150.00, is warranted here. (Docket No. 39 at 8, 10). Furthermore, the Court agrees with Judge Dodge's recommendation that, rather

than the $12,313.25 in attorney fees that Plaintiff requests, Plaintiff is instead entitled to a total of $10,768.25 in attorney fees, for the reasons set forth in the R&R.  (*Id.* at 8-10).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 31st day of January, 2024,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 39) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment and Attorney's Fees (Docket No. 36) is GRANTED IN PART AND DENIED IN PART, for the reasons set forth in the R&R.  Specifically, Plaintiff's Motion is GRANTED to the extent she seeks Default Judgment, and Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART to the extent she seeks damages, as Plaintiff will be awarded the requested amount of statutory damages and costs, but Plaintiff will be awarded a reduced amount of attorney fees.  Accordingly, the Court will award Plaintiff Patricia Milko statutory damages in the amount of $1,000.00, attorney fees in the amount of $10,768.25, and costs in the amount of $150.00, for a total judgment of $11,918.25.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:	All counsel of record
	Lamar Snow (via U.S. Mail)
	Tonisa Hodge (via U.S. Mail)